IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA MUNNS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NIGUEL SANTE LLC, an Idaho limited liability company d/b/a THE GABLES OF AMMON, ARROWHEAD MANAGEMENT COMPANY LLC, an Idaho limited liability company, and STEPHANIE ELLWOOD, individually,<br><br>　　　　　Defendants. | Case No.  4:11-CV-039-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to continue filed pursuant to Rule 56(d).  The motion is fully briefed and at issue.  The Court will grant the motion for the reasons explained below.

## ANALYSIS

Plaintiff Munns seeks additional time to do discovery before responding to the motion for summary judgment filed by defendant Niguel Sante.  Under Rule 56(d), the Court has the authority to defer consideration of Niguel Sante's summary judgment motion if Munns shows "it cannot present facts essential to justify its opposition."  A party requesting a continuance pursuant to Rule 56(d) must identify by affidavit "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006).

**Memorandum Decision & Order - 1**

Defendant Niguel Sante seeks summary judgment on the ground that it had no involvement in the employment decisions challenged by Munns. In seeking her continuance, Munns explains that she has had difficulty getting discovery on Niguel Sante's involvement and needs more time to explore that issue.

It appears that Munns has proceeded diligently, and needs additional time to investigate the very issue on which Niguel Sante seeks summary judgment. Discovery is still open and will not close until April 20, 2012. *See Amended CMO (Dkt. No. 37).* That discovery period was not imposed by the Court but was the result of a Stipulation signed by all parties, *see Stipulation (Dkt. No. 36)*, and approved by the Court. *See Amended CMO (Dkt. No. 37).* If Munns is not allowed an extension until at least that date, the discovery period will be prematurely closed in violation of the Stipulation and the Court's Amended CMO. Given that, Munns must be allowed the full time to complete her discovery. Accordingly, the Court will grant the motion and allow Munns until April 20, 2012, to conduct discovery, and require her to file her response brief on or before May 4, 2012.

There is currently a hearing set for January 24, 2012, on the motion for summary judgment. The Court will vacate that hearing and direct the Clerk to send out a new notice of hearing for sometime after June 1, 2012. This may also affect the Settlement Conference now set for March 8, 2012, but the Court will leave to counsel any changes to that date.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to continue under Rule 56(d) (docket no. 30) be GRANTED. All discovery shall be closed on April

20, 2012.  Munns shall file her response brief to the motion for summary judgment (docket no. 29) on or before May 4, 2012.

IT IS FURTHER ORDERED, that the hearing now set for January 24, 2012, is VACATED and the Clerk is directed to send out a new notice of hearing for the motion for summary judgment (docket no. 29) for sometime after June 1, 2012.



DATED:  **January 6, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**